**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Immanuel Christian Williams, | No. CV-25-00562-PHX-DLR (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Defendants. | |

Plaintiff Immanuel Christian Williams, who is currently confined in the Arizona State Prison Complex-Yuma, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Williams' appeal (Doc. 88) from Magistrate Judge Camille D. Bible's order denying Williams' motion for a sworn declaration from Defendants (Doc. 83). For the following reasons, the Court affirms Judge Bibles' order.

Federal Rule of Civil Procedure 72(a) provides that, when a magistrate judge issues an order on a nondispositive matter, parties may file objections to it within fourteen days after being served with a copy of the order. The Court must then consider the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 603 (1993). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."

*Hill v. Maricopa Cnty. Sheriff's Off.*, No. CV-18-02613-PHX-GMS, 2020 WL 7828761, at *1 (D. Ariz. Dec. 31, 2020) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)).

Williams moved for Defendants to "go on the record" to confirm that (1) all documents and videos have been provided to Williams in their original form, (2) they do not have access to any discovery from the criminal investigation into the incident, and (3) they do not have any other evidence related to Williams' suit. (Doc. 68.) Judge Bibles denied Williams' motion for the reasons stated in both Defendants' responses to Williams' motion. (Doc. 83.)

Defendant Travis Scurlock responded that Williams has cited no authority for Defendants to "go on the record." (Doc. 74.) Additionally, Scurlock relies on Federal Rule of Evidence 1003 to support that he does not need to provide the original forms at this stage of the litigation because Williams is not questioning the authenticity of the documents and videos. (*Id.*) Lastly, Scurlock points out that he provided supplemental responses to Williams' discovery requests that address the second and third issues which Williams did not receive before filing this motion. (*Id.*) Defendant Robinson agrees with Scurlock's response and only adds that Williams has been warned previously to serve discovery requests on Defendants rather than docket them with the Court. (Doc. 76.)

On appeal Williams relies on an order in *Jensen v. Thornell*, No. CV-12-00601-PHX-ROS for the proposition that the Court can retain authority to enforce "data collection." (Doc. 88.) That order, however, is inapposite as it concerns the enforcement of a permanent injunction. Williams' case, on the other hand, is still in the discovery phase. If Williams has a dispute with the adequacy of Defendants' responses to requests for discovery, he should follow the Court's scheduling order and file a motion detailing any inadequacies. (*See* Doc. 26 at 3.) Accordingly, Judge Bibles' ruling is not clearly erroneous or contrary to law.

. . . .

. . . .

**IT IS ORDERED** that Judge Bibles' order (Doc. 83) is **AFFIRMED**.

Dated this 6th day of August, 2026.

Douglas L. Rayes
Senior United States District Judge

- 3 -